Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9300 | **DATE** | 5/29/2003 |
| **CASE TITLE** | McDade vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due____. Reply to answer brief due____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order granting defendants Stacker and Johnson's motion for summary judgment. Judgment is therefore entered in favor of defendants and against plaintiff. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 30 2003 date docketed | |
| | Notified counsel by telephone. | | | 28 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/29/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREMAR MCDADE,                )
                              )
        Plaintiff,             )
                              )
    v.                        )   No.  01 C 9300
                              )
CITY OF CHICAGO, et al.,      )
                              )
        Defendants.            )



DOCKETED
MAY 3 0 2003

## MEMORANDUM OPINION AND ORDER

On the evening of December 10, 2000, defendant Chicago police officers Gregory Stacker and Victor K. Johnson investigated a civilian report that drug sales were being conducted in front of a house located at 11817 S. Perry Avenue in Chicago. From their vantage point across the street, the officers observed a group of individuals standing on the street outside the house. Plaintiff Gremar McDade approached and chatted with two members of the group. He then turned and walked away, passing another man, Corey Hassell. Officers Stacker and Johnson believed that they observed Mr. McDade and Mr. Hassell exchange a bag. Officer Stacker stopped Mr. McDade and Mr. Hassell and told them to get down on the ground. In doing so, Mr. Hassell dropped a bag of marijuana in front of the police. Officer Stacker arrested Mr. McDade, and in the process shoved him against a porch railing.

Mr. McDade was brought to the 5th District police station and charged with felony possession of cannabis and misdemeanor

possession with intent to manufacture or distribute cannabis. After nine months in jail, Mr. McDade was found not guilty of the charges against him. He then filed this suit. After dismissal of some claims and defendants, the remaining claims are those brought against the officers under 42 U.S.C. § 1983 for constitutional violations (false imprisonment, assault, and battery) and under state law for intentional infliction of emotional distress and malicious prosecution. The defendants move for summary judgment in their favor. Because the plaintiff has failed to demonstrate that the case presents a genuine issue of material fact, *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001), I grant the motion.

**Wrongful arrest and imprisonment.** Count I alleges that the defendants violated Mr. McDade's rights under the Fourth and Fourteenth Amendments when they "embarrassed, humiliated, and arrested" him without probable cause. Count II makes a similar claim based on false imprisonment. The existence of probable cause to arrest bars such claims. *Schertz v. Waupaca County*, 875 F.2d 578, 584 (7th Cir. 1989). The undisputed facts show that the defendants had probable cause to arrest Mr. McDade, and his claims under § 1983 for wrongful arrest and imprisonment cannot stand.

As Mr. Hassel did not drop the bag of marijuana until the officers had already begun an investigatory stop, a threshold inquiry is whether the officers violated the law when they approached the suspects with their guns drawn and ordered them to

get down on the ground. The lawfulness of such an initial investigatory stop is governed by *Terry v. Ohio*, 392 U.S. 1 (1968) and its progeny, which establish that a brief stop and superficial search does not require probable cause, but merely a reasonable, articulable suspicion of wrongdoing. *Id.* at 21. An anonymous tip, corroborated by an officer's observations of the suspect's behavior, may justify a *Terry* stop. *Alabama v. White*, 496 U.S. 325, 330 (1990). A court should consider the question in light of the "totality of the circumstances." *Id.*

Here, the police received a tip that drugs were being sold in front of 11817 S. Perry. Arriving at that address, officers observed a number of individuals standing outside for an extended period on a freezing December evening. *See United States v. Mancillas*, 183 F.3d 682, 697 (7th Cir. 1999) (noting that defendants' choice to sit in a car in a parking lot on a snowy night justifiably aroused the suspicion of police officers who were investigating an anonymous tip). Both officers knew that the neighborhood was troubled by gang activity and drug sales. *See United States v. Jackson*, 300 F.3d 740, 746 (7th Cir. 2002) (holding that police may take into account whether a location is a "high crime area"). Finally, the officers saw Mr. Hassell walk by Mr. McDade with a bag in his hand and believed they observed an exchange between the two. *See United States v. Mendoza*, 157 F. Supp. 2d 935, 940 (N.D. Ill. 2001) (Norgle, J.) (holding that a

*Terry* stop was justified when police observed defendants standing on a street corner, looking around nervously, and apparently passing items by hand). Thus, the *Terry* stop was lawful.

Once Mr. Hassel dropped the bag of what appeared to be marijuana, reasonable suspicion ripened into probable cause. Police officers "have probable cause to make a warrantless arrest when they have trustworthy information sufficient to warrant a prudent person in believing that the suspect had committed" an offense. *United States v. Rucker*, 138 F.3d 697, 700 (7th Cir. 1998). Taking the totality of the circumstances into account, when Mr. Hassel dropped the marijuana, it was reasonable for Officers Stacker and Johnson to believe that they had just witnessed a drug transaction between Mr. Hassel and Mr. McDade. Therefore, they had probable cause to arrest the two men, and summary judgment in their favor is granted on Counts I and II.

**Assault and battery**. In counts III and IV, Mr. McDade alleges that the defendants assaulted and battered him when they arrested him. As there is no right of action under § 1983 for simple torts such as assault and battery, such allegations may be interpreted as allegations that the defendants used excessive force in apprehending Mr. McDade. *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 471 (7th Cir. 1997). Police officers enjoy qualified immunity from suit as long as their conduct does not violate "clearly established statutory or constitutional rights of which a

4

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).[1] The question of whether a public official is entitled to qualified immunity is an objective one. *Id.* at 472. The plaintiff bears the burden of showing that a government official's use of force violated a clearly established constitutional right. *Id.* at 476. This may be achieved either "(1) by showing a clearly analogous case that established a right to be free from the type of force" used against the plaintiff or (2) by showing that the force used was "so plainly excessive that, as an objective matter, [the official] would have been on notice that he was violating the Fourth Amendment." *Id.*

Mr. McDade has not met the requirements of either of these alternatives. In his deposition, he stated that when he accused the police of trying to plant drugs on him, Officer Stacker told him to shut up and pushed him against a railing. The push was apparently not violent enough to cause even a mild injury to Mr. McDade. According to Mr. McDade, that was all Officer Stacker did, and Officer Johnson did not touch him at any point. In his response to the defendants' motion to dismiss Counts III and IV, Mr. McDade has not pointed to any cases at all, and certainly not to any that are "clearly analogous" to this one and establish a right to be free from this type of roughness during arrest. Nor can a non-injurious

---

[1] Qualified immunity is an affirmative defense that must be pleaded, *Lanigan*, 110 F.3d at 471; the defendants did so in their answer.

shove be considered "so plainly excessive" that Officer Stacker should have been on notice that his behavior violated the Fourth Amendment. Therefore, the defendants have qualified immunity as to the charges of excessive force, and summary judgment is granted on Counts III and IV.

**Intentional infliction of emotional distress.** In Count V, Mr. McDade alleges that the defendants intentionally inflicted emotional distress. The first element of such a claim is that the defendant's conduct must be truly extreme and outrageous, beyond all possible bounds of decency. *Dufour-Dowell v. Cogger*, 969 F. Supp. 1107, 1123 (N.D. Ill. 1997) (Hart, J.). Our analysis may stop there, as Mr. McDade cannot satisfy this first element. In situations involving arrests, "to qualify as extreme and outrageous, the force used must be very extreme or cause very severe physical injury. Whether an arrest was totally lacking in justification will also be considered." *Id.* The arrest of Mr. McDade was lawful and justified, and involved only mild force that did not physically injure him at all. Therefore, summary judgment is appropriate on Count V.

**Malicious prosecution.** In Count VI, Mr. McDade alleges that the defendants maliciously prosecuted him. The defendants argue that this claim is time-barred, as it was added to the first amended complaint more than a year after the cause of action accrued. I need not address that question, as it is evident that

Mr. McDade cannot support that claim. The tort of malicious prosecution requires a showing that (1) the plaintiff was subject to judicial proceedings; (2) for which there was no probable cause; (3) the defendant instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury. *Cervantes v. Jones*, 188 F.3d 805, 809 (7th Cir. 1999). The first, fourth, and fifth elements are not in dispute, but as discussed above, the defendants did have probable cause to arrest and institute proceedings against Mr. McDade. Furthermore, Mr. McDade provides no evidence that the defendants committed any of the disputed acts maliciously. Thus, summary judgment is proper on Count VI.

Defendants' motion for summary judgment is GRANTED.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: May 29, 2003